MORGAN, LEWIS & BOCKIUS LLP
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Roshni C. Kapoor, Bar No. 310612
roshni.kapoor@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

Attorneys for Defendant
Tesla, Inc. d.b.a. Tesla Motors, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY PERKINS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>TESLA, INC. d.b.a. TESLA MOTORS, INC., a Corporation; JOHN DOE 1; JOHN DOE 2; and DOES 3 through 20, inclusive,<br><br>　　　　　Defendant. | Case No.  3:23-cv-02084<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF COMPLAINT**<br><br>Date of Filing:　　March 23, 2023<br>Trial Date: N/A |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF ASHLEY PERKINS AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Tesla, Inc. dba Tesla Motors, Inc. ("Defendant" or "Tesla") hereby removes the above-entitled action originally filed from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

**I.    PROCEDURAL BACKGROUND**

1.   On March 27, 2023, Plaintiff Ashley Perkins ("Plaintiff") filed an unverified complaint in the Superior Court of the State of California, County of Alameda, titled *Ashley Perkins v. Tesla, Inc. d.b.a. Tesla Motors, Inc., a Corporation; John Doe 1; John Doe 2; and Does 3 through 20, inclusive*, Case No. 23CV030018.  The Complaint alleges eight causes of action arising under the Fair Employment Housing Act ("FEHA") and California Labor Code for sex harassment and discrimination, failure to provide a reasonable accommodation, retaliation, wrongful constructive termination, and other related claims arising from Plaintiff's employment.

2.   On March 30, 2023, Plaintiff served Defendant personally with the Summons, Complaint, Notice of Case Assignment, Notice of Case Management Conference, Civil Case Cover Sheet, Alternative Dispute Resolution ("ADR") Information Package, and ADR Stipulation.  A true and correct copy of the Summons and Complaint is attached as **Exhibit A** and incorporated by reference.  A true and correct copy of the Civil Case Cover Sheet, Notice of Case Assignment, Notice of Case Management Conference, ADR Information Package, and ADR Stipulation documents are attached as **Exhibit B** and incorporated by reference.

3.   On April 4, 2023, Plaintiff filed a Proof of Personal Service with the Superior Court.  A true and correct copy of this Proof of Service is attached as **Exhibit C** and incorporated by reference.

4.   On April 27, 2023, Tesla filed and served its Answer to the Complaint.  A true and correct copy of Tesla's Answer is attached as **Exhibit D** and incorporated by reference.

5.   The Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Notice of Case Management Conference, ADR Information Package, ADR Stipulation, Proof of Service of Summons, and Answer (attached as Exhibits A – D) constitute the entirety of the process, pleadings, and orders that have been filed and served in this case to date.

**II.    REMOVAL IS TIMELY**

6.   Tesla has timely filed this Notice of Removal under 28 U.S.C. § 1446(b) because it is filed within thirty days of the March 30, 2023 service of the Summons and Complaint on Tesla.

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that thirty-day removal period begins to run on the date of service).

### III.   THIS COURT HAS ORIGINAL SUBJECT-MATTER JURISDICTION

7.   Removal to this Court is proper under 28 U.S.C. § 1332 because (i) Plaintiff's individual claims place more than $75,000 in controversy, exclusive of interests and costs; (ii) the action involves citizens of different states; and (iii) no properly joined defendant is a citizen of California.[1]

**A.   The Amount in Controversy Exceeds $75,000**

8.   Although the Complaint does not allege a damages amount as to each claim, removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

9.   The amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. Plaintiff alleges that Defendant failed to provide her a lactation accommodation during her employment from April through May and July through September. **Ex. A** ¶¶ 25–52, 106. Plaintiff seeks to recover "premium wages" under California Labor Code §§ 226.7 et seq. for each instance that Defendant failed to provide Plaintiff a lactation accommodation. *Id.* ¶ 107. In addition, Plaintiff seeks past and future lost earnings, general and compensatory damages for pain and suffering, mental anguish, and emotional distress, restitution of money for unlawful business practices, statutory penalties, reasonable attorneys' fees and costs, and punitive damages. *See, e.g.*, *id.* ¶¶ 61, 63, 64, 107.

10.   While Defendant denies any and all liability to Plaintiff, based on a conservative, good-faith estimate of the value of the alleged damages in this action (lost wages, emotional distress, punitive damages, and attorneys' fees), as further described below, the amount in

---

[1] Tesla reserves the right to supplement or provide the Court with additional briefing or information necessary to appropriately assess diversity requirements. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) (noting that a party may "cure[] its defective allegations … by amending its notice of removal.").

controversy in this case well exceeds $75,000, exclusive of interest and costs. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376–77 (9th Cir. 1997) (holding that where a complaint does not allege a specific dollar amount, the case is removable if the removing defendant shows by a preponderance of the evidence that the jurisdictional amount is present); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d at 1031–35 (N.D. Cal. 2002) (holding that Plaintiff's damages claim, including lost wages, medical expenses, emotional distress and attorneys' fees, was enough to put the amount in controversy above $75,000).

### i. Lost Wages Alone Likely Exceed $75,000

11. Plaintiff alleges lost wages since she was denied an accommodation and constructively discharged in May . **Ex. A ¶¶** 47, 49, 52. According to the most recent case-management statistics for U.S. District Courts, a jury trial in this case likely would not occur until January 2026. *See* United States District Court – Judicial Caseload Profile for the Northern District of California (stating median time from filing date to trial was 32.9 months for civil cases in this district).[2] Even assuming that the job that Plaintiff claims she was wrongfully constructively discharged from paid the state's minimum-wage rate, by the time of trial Plaintiff's claim for lost wages alone would likely easily exceed $75,000.[3] *See, e.g., Melendez v. HMS Host Family Rest., Inc.*, No. CV 11-3842, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from alleged adverse employment action to anticipated date of judgment in amount-in-controversy calculation); *Rivera v. Costco Wholesale Corp.*, No. C 08-02202, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal); *Celestino v. Renal Advantage Inc.*, No. C 06-07788, 2007 WL 1223699, at *4 (N.D. Cal. Apr. 24, 2007) (including future lost income in amount-in-controversy calculation).

---

[2] Available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2022.pdf.

[3] California's minimum wage was $15.00/hour in 2022 and $15.50/hour in 2023. *See* "Minimum Wage" by California Department of Industrial Relations, https://www.dir.ca.gov/dlse/faq_minimumwage.htm. Assuming damages at these minimum-wage rates, the value of Plaintiff's lost wages claim for a full-time job from her alleged constructive termination on or around May 28, 2022 and again on September 12, 2022 (**Ex. A ¶¶** 47, 49, 52) until trial is approximately $110,000.

### ii. Emotional Distress Damages Alone Likely Exceed $75,000

12. Plaintiff also alleges emotional distress damages. **Ex. A ¶¶** 61, 72, 86, 93, 98, 113. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages. "Emotional distress awards in California for wrongful termination in violation of public policy and discrimination under [FEHA] … can be large relative to the underlying economic damages." *Simpson v. Off. Depot, Inc.*, 2010 WL 11597950, at *3 (C.D. Cal. June 21, 2010). Because emotional distress damages frequently exceed $75,000, it is reasonable to assume that Plaintiff seeks in excess of $75,000 for alleged emotional distress damages alone. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347–48 (1977), *superseded by statute on other grounds*; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Indeed, numerous California Courts have awarded more than $75,000 in emotional distress damages alone. *See, e.g.*, *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess of $75,000 for emotional distress damages); *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (jury award in excess of $75,000 in non-economic damages was upheld); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal. Dec. 11, 2011) (awarding a total of $7,550,000 in compensatory damages for emotional distress and physical injuries to six plaintiffs in age discrimination and wrongful termination case); *Welch v. Ivy Hill Corp.*, No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct. Mar. 8, 2011) (awarding $1,270,000 in pain and suffering to employee in age discrimination action).[4]

---

[4] *See also, e.g.*, *EEOC v. Harris Farms, Inc.*, Docket No. 02-CV-06199-AW1-LJ0 (E.D. Cal. Jan. 24, 2005) (jury verdict included damages for $53,000 in past earnings and $350,000 in emotional distress damages); *Francies v. Kapla*, 127 Cal. App. 4th 1381 (2005) (finding that wrongfully terminated plaintiff suffered $425,000 in non-economic damages, 607% of his $70,000 in economic damages); *Campbell v. Nat'l Passenger R.R. Corp.*, 2010 WL 625362, at *1 (N.D. Cal. Feb. 18, 2010) (awarding $120,000 in non-economic damages); *Astor v. Rent-A-Center*, Docket No: 03AS048644 (Sacramento Cnty. Super. Ct. Aug. 5, 2005) (jury verdict included $250,000 in non-economic damages); *Silverman v. Stuart F. Cooper Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct. July 19, 2013) (awarding $151,333 for emotional distress damages in age discrimination and wrongful termination case); *Aboulafia v. GACN Inc.*, No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct. Dec. 17, 2013) (pain and suffering awards of at least $250,000 to each of four employees in age discrimination and wrongful termination action).

### iii.  Punitive Damages Further Increase the Amount in Controversy

13. Plaintiff also requests an unspecified amount in punitive damages, based on actions she alleges were "malicious, fraudulent, and/or oppressive, and done with a willful and conscious disregard" for her rights.  **Ex. A ¶¶** 64, 89, 95, 101, 115.  Plaintiff's claims for punitive damages are part of the amount in controversy when determining diversity jurisdiction. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).  Because California juries have returned verdicts with substantial punitive-damage awards in employment discrimination actions, Plaintiff's claim for punitive damages substantially increases the amount in controversy. *See Simmons*, 209 F. Supp. 2d at 1033 ("[T]he jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases."); *Ko v. The Square Grp., LLC*, Case No. BC 487739, 2014 WL 3555573 (Cal. Super. Ct. June 17, 2014) (disability discrimination case resulting in punitive damages award of $500,000); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994) ("Because the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct, it is apparent plaintiff's claim for punitive damages alone might exceed [the jurisdictional amount].").

### iv.  Attorneys' Fees Further Increase the Amount in Controversy

14. Plaintiff also seeks to recover an unspecified amount of attorneys' fees.  **Ex. A ¶¶** 63, 74, 88, 94, 100, 107, 114, 122; *see also* Cal. Gov. Code § 12965(b) (allowing "prevailing party" to recover reasonable attorneys' fees).  Courts have held that an award of attorneys' fees may be considered for purposes of calculating the amount in controversy. *See, e.g.*, *Galt G/S*, 142 F.3d at 1155–56 ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 697-98 (9th Cir. 2007) (attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)); *Sanchez v. Wal-Mart Stores, Inc.*, No. S-06-cv-2573, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation.").  The total amount of attorneys' fees that could accrue during the course of litigation are considered. *Lippold v. Godiva Chocolatier, Inc.*, No. C 10–00421, 2010 WL 1526441, at *3–

4 (N.D. Cal. Apr. 15, 2010) ("a reasonable estimate of attorneys fees likely to be expended" should be included in calculating the amount in controversy); *accord Pulera v. F & B, Inc.*, No. 2:08-cv-00275 – MCEDAD, 2008WL 3863489, at *4–5 (E.D. Cal. Aug. 19, 2008); *Celestino*, 2007 WL 1223699 at *4; *Simmons*, 209 F. Supp. 2d at 1034–35 (N.D. Cal. 2002); *Brady v. Mercedes-Benz*, 243 F. Supp. 2d 1004, 1010–11 (N.D. Cal. Jan. 12, 2002).

15. Conservatively assuming that Plaintiff's counsel charges $300 per hour, attorneys' fees would total $75,000 after just 250 hours of work. *See Sasso v. Noble Utah Long Beach, LLC*, No. CV 14–09154–AB, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (finding $300 per hour to be a "reasonable rate" for attorneys' fees in employment cases and 100 hours to take a case to trial to be a "conservative" estimate; therefore, attorneys' fees in employment cases "may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)"). Plaintiff's counsel would likely exceed this amount during just the pretrial phase of litigation. Accordingly, the amount of attorneys' fees incurred by Plaintiff in connection with prosecuting this action would further increase the above estimates of the amount in controversy.

**B. Tesla and Plaintiff Are Not Citizens of the Same State**

16. Plaintiff resides in Sacramento County, California, and does not allege any alternate state citizenship. **Ex. A ¶ 1.** Therefore, Plaintiff is a citizen of the state of California for purposes of removal. *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal 2002) ("An individual is a citizen of the state in which he is domiciled."); *Lew v. Moss*, 797 F. 2d 747, 750 (9th Cir. 1986) (holding that for purposes of diversity, citizenship is determined by the individual's domicile when the lawsuit is filed).

17. Tesla is a corporation organized under the laws of the State of Texas. **Ex. A ¶ 2.** Its principal place of business also is in Texas. *Id.*

**C. Doe Defendants Are Irrelevant for Purposes of Removal**

18. The citizenship of Does 1 through 20 named in the Complaint is immaterial to the jurisdiction inquiry. While Plaintiff has named "John Doe 1" and "John Doe 2," both of whom she alleges are individuals residing in California, and has also named "Does 3 through 20," these fictitious individuals do not destroy diversity. For purposes of diversity jurisdiction under 18

U.S.C. § 1332, courts disregard the citizenship of defendants sued under fictitious names. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

19. The Ninth Circuit and this Court have upheld the statutory rule disregarding citizenship of Doe defendants. For example, this Court has recognized that "[i]t is black-letter law that the citizenship of Doe defendants 'shall be disregarded' for the purposes of removal and diversity jurisdiction." *Munsey v. FCA US LLC*, 2020 WL 12863658, at *2 (N.D. Cal. Apr. 9, 2020); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding that for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded); *Soliman v. Philip Morris,* Inc., 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."); *Sanders v. Costco Wholesale Corp.*, 2022 WL 6271879, at *2 (N.D. Cal. July 28, 2022) (denying remand and recognizing the court "cannot consider Lynette Doe for purposes of diversity" as "Lynette Doe is a fictitious defendant"); *Valdez v. Home Depot U.S.A., Inc.*, 2022 WL 4137691, at *4 (N.D. Cal. Aug. 25, 2022) (denying remand and holding that "the removal statute's plain language, legislative history, and Ninth Circuit law militate against remand at this stage while keeping the door open for potential remand at a later time. 28 U.S.C. § 1447(b)(1) obligates courts to disregard Doe defendant's citizenship at the time of removal."); *Wuerfel v. Lathrum*, 2010 WL 3894198, at *1 (N.D. Cal. Oct. 1, 2010) ("Although Plaintiff has sued several defendants (i.e., 'Does 1 through 20') under fictitious names, the citizenship of such defendants is disregarded when determining the propriety of removal.").

### IV. OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

20. This action was originally filed in the Superior Court for the County of Alameda. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

21. Tesla will promptly serve this Notice of Removal on Plaintiff and will promptly file and serve a copy of this Notice of Removal with the Clerk of the Superior Court of the State of

California, County of Alameda, in which the action is pending, as required under 28 U.S.C. § 1446(d).

22. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon Tesla, as well as other documents filed in the state-court action, are filed concurrently with this Notice of Removal as exhibits.

## V. CONCLUSION

23. Based on the foregoing, Tesla requests that this action be removed from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California, and that all future proceedings in this matter take place in the United States District Court for the Northern District of California.

24. If any question arises as to the propriety of the removal of this action, Tesla requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: April 28, 2023                MORGAN, LEWIS & BOCKIUS LLP


By  /s/Roshni C. Kapoor
    Brian D. Berry
    Roshni C. Kapoor

    Attorneys for Defendant
    Tesla, Inc. d.b.a. Tesla Motors, Inc.